IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

HOLYOKE MUTUAL INSURANCE CO.,
d/b/a Middleoak a/s/o Aspen Garden
Apartments                                                          PLAINTIFF

v.                              No. 3:17-cv-83-DPM

EAST ARKANSAS AREA AGENCY
ON AGING, INC. and CYNTHIA
UNDERWOOD                                                          DEFENDANTS

## ORDER

1.  This subrogation case is bogged down in service-related problems. Holyoke paid claims arising from a bad fire at the Aspen Garden apartments. The fire took an older resident's life. The investigation revealed that the resident's caregiver, Underwood, may have been at fault through a cigarette. Holyoke now seeks recovery from Underwood and her employer, the East Arkansas Area Agency on Aging, Inc. Most, if not all, of the service-related facts are agreed. The Agency and Underwood (through their common counsel) ask the Court to dismiss, while Holyoke asks for cure.

2.  Holyoke sued in April 2017, about a week before the statute of limitations ran. The complaint contained a misnomer: Holyoke left off the "Inc." at the end of East Arkansas Area Agency on Aging, Inc.'s name. This error was echoed in the summons, which had other defects.

For example, it included the wrong zip code and (it turned out) a completely wrong address for Underwood. *№ 21 at 3.* Plus the summons served had no raised seal. Holyoke served the defective process on the Agency correctly under Arkansas law — by mail restricted to the Agency's agent for service. *№ 23-1 at 13;* ARK. R. CIV. P. 4(d)(8)(A)(i). Holyoke tried to serve Underwood by certified and restricted-delivery mail, but the letter came back undeliverable. *№ 23-2 at 2.* The Agency and Underwood responded with a timely motion to dismiss, arguing the misnomer and the defects in the summons. The Agency and Underwood also filed a joint answer, preserving all their service-related and process-related defenses. In late May and early June, Holyoke responded to the motion and filed an amended complaint correctly naming the Agency. Holyoke sent the new pleading, plus corrected summonses, to defense counsel. By cover letter, Holyoke asked counsel to waive service, enclosing a return envelope and (the Court assumes) the Rule 4 waiver form. FED. R. CIV. P. 4(d)(1). In mid-June, the Agency and Underwood answered, again preserving all their service-related and process-related defenses. *№ 15.*

In early July, the Court denied the first motion to dismiss without prejudice. *№ 17.* The Court noted several things: good service was required; Holyoke had started its cure with the amended complaint; and it planned to finish by the ninety-day deadline, which the Court calculated as 17 July 2017, right around the corner.

Around the same time, in early July, Holyoke engaged a process server to find and serve Underwood in person. Before suit was filed, Holyoke had tried to locate her, and thought it had in Missouri.

The July 17th deadline passed. A few days later, two things happened. The wrong Cynthia Underwood was served in person. And defense counsel informed Holyoke that the Agency and Underwood would not waive service. There was some further confusion, because in early July the Agency's registered agent had been replaced. Holyoke eventually correctly served both defendants with the amended complaint and corrected summonses. This was accomplished by mid-August, about a month after the service period expired.

**3.** In hindsight, it's clear that Holyoke should have asked for an extension in early July. Its imperfect service efforts, Underwood's elusiveness, the pending waiver request, and the looming deadline would have provided good cause for a short extension. *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 956–58 (8th Cir. 2010). But Holyoke didn't ask.

Was there excusable neglect in all this? Considering all the circumstances, the Court concludes that there was. *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Treasurer, Trustees of Drury Industries, Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893–94 (8th Cir. 2012). Holyoke tried to complete timely service, but failed repeatedly. Unlike in *Kurka*,

Holyoke was trying. 628 F.3d at 958–59. Its foundational mistake—the misnomer—was a modest one, which the Rules contemplate fixing where no one has been misled. FED. R. CIV. P. 15(c)(1)(C). No one was misled here. There was no bad faith, just fumbling around. And fumbles of this sort, even if unforced, can be excused. *Treasurer*, 692 F.3d at 893. The circumstances allow for that here. The Agency knew that it and its former employee were being sued. They vigorously preserved and pursued their defenses in a timely fashion. The potential prejudice to Holyoke of losing its claims to a limitations defense in a re-filed suit outweighs the prejudice to the Agency and Underwood of going forward to the merits now. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946–47 (8th Cir. 2010). The new ninety-day service period is salutary, but sometimes more time is needed. And the law favors decisions on the merits. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999). Holyoke's errors in not getting good service before July 17th, or an extension to do so, are excusable.

\* \* \*

The Court therefore reopens and extends the time for service until 31 August 2017. Holyoke's motion for belated extension, № 23, is granted as modified. The Agency and Underwood's second motion to dismiss, № 25, is denied with a carve out. The Agency's charitable immunity is one of the deep issues in the case. The Court still doesn't

have enough information to rule on that issue. The Agency may press this defense in due course.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 January 2018